Name: Rhonda L. Fagan
Address: 1040-G South Mount Vernon Avenue # 181
Phone: Colton, CA 92324
Fax: (301) 693-1342
In Pro Per <rhfagan@yahoo.com>

FILED
2016 AUG 26  PM 12:03
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
RIVERSIDE
BY _____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CASE NUMBER: ED CV16-01842 FMO (SK)

Rhonda L. Fagan
                Plaintiff
        v.
The Drayson Center – Loma Linda University, Jennifer Dewitt, Donald Sease
                Defendant(s).

Complaint

Demand for Jury Trial

( Enter document title in the space provided above)

1. Plaintiff RHONDA L. FAGAN (hereafter "FAGAN" or "Plaintiff") is a female and an African-American.

2. Defendant the DRAYSON CENTER is an employer subject to suit under Title VII of the Civil Rights Act of 1964 (hereinafter "Title VII") and under the California Fair Employment and Housing Act, Government Code § 12900 et seq. (hereafter "FEHA").

3. Defendant JENNIFER DEWITT, Caucasian, is an employee of the DRAYSON CENTER fitness gym operated by LOMA LINDA UNIVERSITY and is an employer subject to suit under Title VII and under the FEHA.

4. ~~Defendant DONALD SEASE, African-American, is an employee of the DRAYSON CENTER fitness gym operated by LOMA LINDA UNIVERSITY and is an employer subject to suit under Title VII and under the FEHA.~~

5. Defendant LOMA LINDA UNIVERSITY (hereinafter "LLU") is a university campus and is an employer subject to suit under Title VII and under the FEHA.

6. ~~Each of every employee was acting as the agent of the Defendant-LLU, and in doing the things herein alleged, was acting within the scope of such agency and employment.~~

7. Plaintiff alleges that the Defendant's fitness gym is an integrated enterprise and a "single employer" of Defendant-LLU for purposes of this action. The fitness gym has overlapping ownership and management and centralized control of operations ~~done by and at the LLU campus headquarters.~~

8. ~~Plaintiff has met her administrative requirements under Title VII and the FEHA.~~

9. On June 19, 2016, the Plaintiff who is African American, went to exercise at the Defendant's fitness gym center located at 25040 Stewart Street Loma Linda, CA 92350. The Plaintiff initiated her paid-membership to this facility on October 9, 2014. Upon exiting the facility, the Plaintiff encountered her vehicle's right tire, rack & pinion steering mechanism and right tie rod column, stuck and inoperable. Plaintiff did, what any other reasonable person would have done: she waited for the forward driver to come out and

move their vehicle. The Plaintiff stood in front of the car and physically held the extra space, for the impending tow truck to be able to get into the space, to load the vehicle for immediate repair service. Plaintiff simultaneously called the DRAYSON CENTER's front desk kiosk-operator, to request some orange cones, to deter other aggressive member-drivers, looking for that parking space. A Caucasian female employee from the DRAYSON CENTER was on the speakerphone, at the time of the Incident.

10. The second car who had aggressively come up, was that of the "OM – Offending Member", who is an Asian-Indoenesian or Asian-Filipino. This "OM" male had nearly side-swiped the Plaintiff with his vehicle, while his vulgar tone indicated that the Plaintiff shouldn't have been saving the extra space, albeit for the tow truck. "OM" parked anyway. Upon exiting his car and while still on the DRAYSON CENTER's property, the OM turned his head toward the Plaintiff, hurling several, derogatory statements towards her, the loudest and most-obvious one was "...you **fuckin' nigger! I hate you niggers. Stupid nigger**". Plaintiff responded, in self-defense that the "OM" "...was an idiot", referring to him almost hitting her with his vehicle, and from her disdain for the profane + racial slur usage. The "OM" then threatened to bodily assault the Plaintiff. The Plaintiff put her cell phone on the ground, anticipating having to fight/defend herself against the "OM"'s apparent rage. The "OM" never did re-cross the street, toward the Plaintiff.

11. No orange cones were brought out to the Plaintiff, neither by the DRAYSON CENTER staff, nor subsequently by the LLU campus

security officers. The Plaintiff immediately gave a full-description of the "OM" while on speakerphone, as DRAYSON CENTER's Caucasian-female, later, denied hearing the racial slur. Almost immediately, the "OM" returned to his car to quickly exit, in which the Plaintiff got a picture of his car's make/model and tag number. On June 20, 2016, the Plaintiff wrote a six-page Incident Report up, and turned this into: the LLU-Drayson Center, LLU-security office, the County of San Bernardino Sherriff Department's two officers, LLU-Risk Management, and LLU-Talent & Diversity Office. No entity has given Plaintiff the person's identity, citing privacy concerns. And, save the sherriff's internal affairs officer's interview with the Plaintiff on July 22, 2016, no LLU entity has ever acknowledged anything from June 19, 2016's Incident, with the exception of some 'unknown' DRAYSON CENTER caller, Mr. Iebert, whose title and function for LLU is unknown. Plaintiff returned his voicemail with a voicemail call. Nothing was ever followed upon nor done, to the knowledge of the Plaintiff.

12. On June 20, 2016 the Plaintiff expressed to DRAYSON CENTER's two membership clerks (the day of the Incident of June 19th and, subsequently around July 1st both times to the junior-manager, CODY) – that she felt that she was being treated differently with a racial bias, as the "OM's" usage of profanity + racial slur and the DRAYSON CENTER's non-existent investigation, was being systematically ignored by the authorized staff, namely JENNIFER DEWITT and/or DONALD SEASE. The Plaintiff also expressed that, although she would ethically and spiritually hate to file against the facility and, hence, the denominational campus? That, she would

if/where she were continuously being ignored, in having had her civil rights violated. Notably, the "OM" was and has continuously been allowed to access the facility, unfettered and unreprimanded, for his heinous actions. The Plaintiff had also made several calls to the denomination's local conference office and regional office, for intervening assistance, to no avail.

13. On July 5, 2016 Plaintiff renewed her monthly membership of $50.00. There had been no communication of the June 19th Incident; and no indication given to the Plaintiff, that there was any problem in her membership and relations to the DRAYSON CENTER staff and/or members, again, from her start date of October 9, 2014 to that day.

14. On July 13, 2016 Plaintiff received, via her mail box service, a USPS/Certified letter from JENNIFER DEWITT, dated July 11, 2016 of the Termination of Membership Services. The letter alleges that the Plaintiff had had inappropriate conversations with DRAYSON CENTER staff and members. This letter did not stipulate any dates/times/context/documentation/reprimand/nor follow up, to any of these allegations, as would be the Plaintiff's rights, in "due process". Again, not one time, from October 9, 2014 to July 10, 2016, has JENNIFER DEWITT nor DONALD SEASE ever stated any problem to the Plaintiff, about her relations with the members, which is positive, nor the staff with is limited to a few, predominantly Caucasian life guards in the pool-area.

15. The Plaintiff had known who JENNIFER DEWITT was, in that the Plaintiff had made several, previous verbal (and one written - July 7,

2015) – complaints, regarding inconsistencies in the pool-area, lack-of-safety in the womens' dressing room, the lack-of-notification of pool closures, and the frequent usage of secular music in the pool (as from a Christian campus). From these prior complaints, and as a pattern, JENNIFER DEWITT ignored the Plaintiff's verbal complaints. And, only responded on July 31, 2015 to Plaintiff's written complaint to DONALD SEASE regarding DRAYSON CENTER's Lapse of Membership Payment Policy, as it had been non-existent.

16. On July 13, 2016 Plaintiff returned to the DRAYSON CENTER to retrieve her personal affects, and was escorted by two junior-female-employees, to the womens' locker room. Plaintiff has not been back to the facility since.

17. <u>Racial Discrimination:</u> JENNIFER DEWITT, Caucasian, enacted racial disparate treatment to the Plaintiff, as lodged from her inaction of the "OM" Asian-Indoenesian or Asian-Filipino's vulgarity, from the above's Incident. DONALD SEASE, African-American, specifically "deferred" the handling of this Incident to JENNIFER DEWITT, although he is the number one person-in-authority at this facility and has the 'final word' on all things.

18. <u>Retaliation:</u> JENNIFER DEWITT had a pre-set, alterior motive to have terminated Plaintiff, based on prior complaints raised by the Plaintiff. And, for the Plaintiff having made verbal racial-concerns, to JENNIFER DEWITT's subordinate-employee member clerks.

### FIRST CAUSE OF ACTION: SECTION 1981 – RACE DISCRIMINATION
### [All Defendants]

19. Plaintiff hereby realleges paragraphs 1 through 18.

20. Defendant's conduct described above constitutes violations of the FEHA, and as proximate result of the harassment, as alleged above, Plaintiff has been harmed in that Plaintiff has suffered termination of membership to the facility, suffered emotional stress, humiliation, mental anguish, racial depravity, and future harm, if she had not been subject to said harassment. As a result of such harassment and consequent harm, Plaintiff has suffered damages in amount according to proof.

21. The foregoing paragraphs are realleged and incorporated by reference herein.

22. The Defendant's conduct as alleged above constitutes hostile and abusive working environment in violation of Title VII's, Rehab Act, and the ADEA.

23. As a further proximate result of the harassment, as alleged above, Plaintiff has been harmed in that Plaintiff has suffered humiliation, mental anguish, and emotional distress. As a result of such harassment and consequent harm, Plaintiff has suffered damages in an amount according to proof.

SECOND CAUSE OF ACTION: RACIAL DISCRIMINATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 USC 2000e et seq.

24. The foregoing paragraphs are realleged and incorporated by reference herein.

25. The Defendant's conduct as alleged at length herein constitutes discrimination based on race in violation of Title VII.

### THIRD CAUSE OF ACTION: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS [All Defendants]

26. Plaintiff hereby realleges paragraphs 1 through 18.

27. Defendants engaged in outrageous conduct towards Plaintiff with the intention to cause, or with reckless disregard for the probability of causing, Plaintiff to suffer severe emotional distress, and with wanton and reckless disregard for the injurious result to Plaintiff.

28. As a proximate result of Defendants' actions against Plaintiff, as alleged above, Plaintiff has been harmed in that Plaintiff has suffered the loss of membership access, racial disparate treatment in comparison to the "OM – Offending Member", embarrassment from current continuing DC members, emotional harm, damage, if the Defendants' tolerance of the termination of Plaintiff's membership activities, thereby causing the Plaintiff to suffer damages in an amount according to proof.

29. As a further proximate result of Defendants' actions against Plaintiff, as alleged above, Plaintiff has been harmed in that Plaintiff has suffered humiliation, mental anguish, and emotional distress. As a result of Defendants' tolerance of and complicity in the termination of Plaintiff's membership activities, thereby causing the Plaintiff to suffer damages in an amount according to proof.

### PRAYER FOR RELIEF

WHEREFORE, the Plaintiff requests that the court award her:

(a) the sum of $50,000.00 in compensatory damages suffered because of the racial discrimination and retaliation.

(b) the sum of $50,000.00 in punitive damages suffered because of the intentional infliction of emotional distress.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial for each and every claim for which she has a right to a jury trial.

Dated: August 11, 2016

Rhonda L. Fagan

Pro Per